IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON PARMELEY, #13231-045, <br><br> Plaintiff, <br><br> vs. <br><br> WILLIAMSON COUNTY JAIL, <br> C/O CHRISS, <br> C/O GUS, <br> JOHN DOE 1, <br> JANE DOE 1, <br> C/O STARLING, <br> JOHN DOE 2, <br> HEALTH CARE PROVIDER, <br> JANE DOE 2, <br> JOHN DOE 3, and <br> SHERIFF, WILLIAMSON COUNTY, <br><br> Defendants. | Case No. 19-cv-00812-JPG |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Jason Parmeley brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights that occurred while he was a pretrial detainee at Williamson County Jail. Plaintiff asserts claims under the First and Fourteenth Amendments along with various Illinois state law claims. (Doc. 16). He seeks monetary damages. (*Id.*).

This case is now before the Court for preliminary review of the Amended Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Amended Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Amended Complaint

Plaintiff makes the following allegations in the Amended Complaint: Plaintiff was a federal pretrial detainee in the Williamson County Jail (WCJ). (Doc. 16, p. 2). During his detention, Plaintiff was in the same unit as inmate Watts. (*Id.*, p. 3). It was known that Watts killed three women in a bank robbery by cutting their throats. (*Id.*). Jail staff did not like Watts and knew Plaintiff did not get along with him. (*Id.*). Chriss, Starling, and Jane Doe 1 asked Plaintiff to start a fight with Watts so they would have a reason to use force on Watts (the "get Watts plan"). (*Id.*). Plaintiff refused the request and staff began retaliating against him. (*Id.*). Because of issues between Plaintiff and Watts, Plaintiff was moved to a different unit. (*Id.*).

Plaintiff was later placed in segregation on a bogus charge as retaliation. (*Id.*). Upon release from segregation, Jane Doe 1 told Plaintiff he was going to the same unit as Watts. (*Id.*). Plaintiff refused and put in writing that Watts would attempt to kill him. (*Id.*). Jane Doe 1 told him he was going anyway. (*Id.*, p. 4). Within 5 to 10 minutes after Plaintiff entered the unit, Watts entered Plaintiff's cell, covered the window with a towel, and brutally attacked Plaintiff. (*Id.*). Watts told Plaintiff he was going to kill him. (*Id.*). Plaintiff defended himself, gained the upper hand, and pressed the distress button. (*Id.*). Chriss and Gus entered the cell and Chriss struck Plaintiff in the head with such force he was knocked unconscious. (*Id.*).

Later, in the medical unit, Jane Doe 2 attended to him for only a few minutes and did not provide any medical treatment. (*Id.*). Plaintiff spoke to John Doe 1, who was present and was the head of WCJ, and told him that he had written a letter stating he did not want to be a part of the "get Watts plan," that his life had been threatened by Watts, and that Chriss had assaulted him for no reason. (*Id.*). John Doe 1 responded that he did not care and advised Plaintiff that he was going to segregation. (*Id.*). By that time, the side of Plaintiff's head was swollen. (*Id.*).

A few days later in segregation, Plaintiff spoke to John Doe 2, who saw the swelling. (*Id.*, p. 5). When Plaintiff asked John Doe 2 why Chriss assaulted him, John Doe 2 responded "maybe you should've went along with the plan and it would've been Watts who got hurt." (*Id.*).

Plaintiff suffered swelling inside his skull that went untreated by staff. (*Id.*). Later, he had a MRI and learned that he suffered substantial injuries. (*Id.*). He suffers from headaches, dizziness, psychological trauma, loss of movement in his neck, and nerve pain. (*Id.*). Because he refused to go along with the "get Watts plan," the staff, including Jane Doe 2 and John Doe 3, denied him medical care. (*Id.*).

Shortly after arriving at WCJ he had a torn ligament in his right arm. (*Id.*). On a sick call, Jane Doe 2 told him there was nothing that could be done. (*Id.*). The pain became so bad he lost the use of his arm. (*Id.*). He was unable to wash himself. (*Id.*). "Medicals" told him that if he made a sick call he would go to segregation (*Id.*). On another occasion, Jane Doe 2 took him off of his nerve pain medication that also controlled seizures for no reason. (*Id.*). She told him she does what she wants and the doctor signs off on it. (*Id.*). John Doe 3, by letting Jane Doe 2 do what she wants, caused Plaintiff pain, suffering, and emotional distress. (*Id.*).

John Doe 1 conspired with others to open legal mail and create false and misleading information about Plaintiff in retaliation for his refusal to participate in the "get Watts plan." (*Id.*). The information was sent to an AUSA who opened a frivolous malicious obstruction of justice investigation, which was presented at Plaintiff's sentencing. (*Id.*). It was done to harass Plaintiff and taint the sentencing. (*Id.*).

Plaintiff's wedding ring was taken from him by staff when he arrived at WCJ. (*Id.*, p. 6). Upon release to federal authorities, Chriss and John Doe 1 told him he could not be transported with his wedding ring. (*Id.*). He was later told by a U.S. Marshall that was not true. (*Id.*). His

ring has not been returned to him. (*Id.*).

**Preliminary Dismissals**

*Williamson County Jail*

Plaintiff named Williamson County Jail (WCJ) as a Defendant. However, WCJ is not a "person" subject to suit under Section 1983. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Powell v. Cook Cnty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993). WCJ is not even a legal entity. Pursuant to Federal Rule of Civil Procedure 17, a defendant must have the legal capacity to be sued. *See* Fed. R. Civ. P. 17(b). When determining whether an entity has this capacity, federal courts look to state law. *Magnuson v. Cassarella*, 812 F. Supp. 824, 827 (N.D. Ill. 1992). WCJ is not considered a suable entity under Illinois law. *Isaacs v. St. Clair Cnty. Jail*, No. 08-0417-DRH, 2009 WL 211158, at *3-4 (S.D. Ill. Jan. 29, 2009); *Hedger v. HCP*, No. 18-cv-2081-JPG, 2019 WL 117986, at *2 (S.D. Ill. Jan. 7, 2019). Accordingly, Williamson County Jail is dismissed with prejudice.

*Official Capacity Claims*

Plaintiff alleges claims against each Defendant in his or her individual and official capacities but seeks only monetary damages. When a plaintiff seeks monetary damages against a state official, he must bring the suit against the official in his or her individual capacity. *Brown v. Budz*, 904 F.3d 904, 918 (7th Cir. 2005); *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987). This is because a suit for money damages against a defendant in his or her official capacity is really a suit for money damages against the state and is barred by the Eleventh Amendment. *Id.* Section 1983 creates a federal remedy against any "person" who, under color of state law, deprives "any citizen of the United States...of any rights, privileges, or immunities secured by the Constitution and laws." *Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dep't. Health*,

699 F.3d 962, 972 (7th Cir. 2012) (quoting 42 U.S.C. § 1983). The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under [Section] 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The claims against the Defendants in their official capacities are, therefore, dismissed.

## *Health Care Provider*

Plaintiff alleges that medical personnel were employed by Health Care Provider (HCP) and seeks to hold it responsible for its employee's actions. The claim fails because HCP is not subject to *respondent superior* liability under section 1983. *Shields v. Illinois Dep't of Corr.,* 746 F.3d 782, 789 (7th Cir. 2014) When a private corporation has contracted to provide essential government services, such as healthcare for inmates, the corporation can be held liable under Section 1983 only if a constitutional violation was caused by an unconstitutional policy or custom of the corporation itself. *Id.* Plaintiff has not made any such allegations and, therefore, HCP is dismissed without prejudice.

## *Commissioner and County*

Plaintiff makes allegations against the "Commissioner" and the "County," but they are not identified as defendants in the case caption. The Court will not treat individuals or entities not listed in the caption as defendants, and any claims against them are considered dismissed without prejudice. *Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be specified in the caption).

## *John Doe 1, John Doe 2, and John Doe 3*

Plaintiff's claims against John Doe 1, John Doe 2, and John Doe 3 in their supervisory roles are dismissed. A supervisor cannot be held liable for the actions of subordinate employees, as the doctrine of *respondeat superior* is not applicable to section 1983 actions. *Sanville v.*

*McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Because there is no other claim against John Doe 2, he is dismissed without prejudice for failure to state a claim.

## **Discussion**

Based on the allegations of the Amended Complaint that are attributable to individual defendants,[1] the Court designates the following counts:

> **Count 1:** Fourteenth Amendment claim against Chriss, Starling, and Jane Doe 1 for exposing Plaintiff to a risk of harm by asking him to assault Watts.
>
> **Count 2:** First Amendment claim against Jane Doe 1 for retaliating against Plaintiff because he refused to participate in the "get Watts plan" by placing him in the same unit with Watts over his objection.
>
> **Count 3:** Fourteenth Amendment failure to protect claim against Jane Doe 1 and John Doe 1 based on Plaintiff's placement in the same unit as Watts.
>
> **Count 4:** Fourteenth Amendment excessive force claim against Chriss and Gus and/or failure to protect or intervene claim against Gus.
>
> **Count 5:** First Amendment claim against Chriss and Gus for retaliating against Plaintiff because he refused to participate in the "get Watts plan" by use of excessive force and/or failure to protect or intervene.
>
> **Count 6:** Fourteenth Amendment deliberate indifference claim against Jane Doe 2 for denying Plaintiff medical treatment after Watts and Chriss assaulted him.
>
> **Count 7:** Fourteenth Amendment deliberate indifference claim against John Doe 3 for denying Plaintiff medical treatment.
>
> **Count 8:** First Amendment claim against Jane Doe 2 and John Doe 3 for retaliating against Plaintiff because he refused to participate in the "get Watts plan" by denying him medical treatment.

---

[1] Plaintiff makes allegations collectively against the "staff," which is insufficient to identify actions by any individual defendant. Allegations made collectively against a group of defendants fail to comply with Federal Rule of Civil Procedure 8.

**Count 9:** Fourteenth Amendment deprivation of property claim against Chriss and John Doe 1.

**Count 10:** First Amendment claim against Chriss and John Doe 1 for retaliating against Plaintiff because he refused to participate in the "get Watts plan" by taking his property.

**Count 11:** First Amendment claim against John Doe 1 for opening Plaintiff's legal mail.

**Count 12:** Constitutional malicious prosecution claim and/or Illinois state law malicious prosecution claim and/or abuse of process claim against John Doe 1 for fabricating false and misleading information and submitting it to an AUSA to open a frivolous and malicious obstruction of justice investigation.

**Count 13:** First Amendment claim against John Doe 1 for retaliating against Plaintiff because he refused to participate in the "get Watts plan" by opening his legal mail and fabricating false and misleading information and submitting it to an AUSA to open a frivolous and malicious obstruction of justice investigation.

**Count 14:** Fourteenth Amendment claim for failure to train.

**Count 15:** Illinois state law assault claim against Chriss.

**Count 16:** Illinois state law battery claim against Chriss.

**Count 17:** Illinois state law medical negligence claim against Jane Doe 2 for denying Plaintiff medical care after Watts and Chriss assaulted him and John Doe 3 for denying Plaintiff medical care.

**Count 18:** Illinois state law negligence claim.

**Count 19:** Illinois state law intentional infliction of emotional distress claim.

**Count 20:** Illinois state law claim for failure to investigate, failure to train, and/or gross negligence.

**Count 21:** Fourteenth Amendment deliberate indifference claim against Jane Doe 2 for denying Plaintiff medical care for a torn ligament in his right arm.

**Count 22:** Fourteenth Amendment deliberate indifference claim against

> **Jane Doe 2 for taking Plaintiff off his nerve pain medication.**
>
> **Count 23:** **Illinois state law medical negligence claim against Jane Doe 2 for denying Plaintiff medical care for a torn ligament in his right arm.**
>
> **Count 24:** **Illinois state law medical negligence claim against Jane Doe 2 for taking Plaintiff off his nerve pain medication.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designations do not constitute an opinion regarding their merit. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

*Count 1*

Plaintiff contends Chriss, Starling, and Jane Doe 1 exposed him to a risk of harm by asking him to assault Watts. When considering this type of claim under the Eighth Amendment, a prison official who intentionally or with reckless indifference exposes an inmate to psychological harm or a heightened risk of future injury may be liable, even if no attack occurred. *See Wright v. Miller,* 561 F.App'x. 551, 555 (7th Cir.2014) (citing *Irving v. Dormire,* 519 F.3d 441, 449 (8th Cir.2008) (concluding that guard's alleged attempts to induce other inmates to assault plaintiff prisoner "posed a substantial risk of serious harm to [the prisoner's] future health")). As a pretrial detainee, Plaintiff's claim is analyzed under the Fourteenth Amendment's due process clause. To state a claim against a jail official under the Fourteenth Amendment, a pretrial detainee must allege that (1) the defendant acted purposefully, knowingly, or recklessly when they considered the consequences of their handling of a plaintiff's situation, and (2) the challenged conduct was

---

[2] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

objectively unreasonable. *McCann v. Ogle Cty., Illinois*, 909 F.3d 881, 886 (7th Cir. 2018). A pretrial detainee must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Miranda v. Cty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018) (citations omitted). Plaintiff's allegations are sufficient at the screening stage to proceed on the claim in Count 1 against Chriss, Starling, and Jane Doe 1.

*Count 3*

To state a claim that a jail official failed to protect him, a pretrial detainee must allege that (1) the defendant acted purposefully, knowingly, or recklessly when they considered the consequences of their handling of a plaintiff's situation, and (2) the challenged conduct was objectively unreasonable. *See McCann v. Ogle Cty., Illinois*, 909 F.3d 881, 886 (7th Cir. 2018). The allegations in Count 3 are sufficient to proceed against Jane Doe 1. As to John Doe 1, however, the allegations do not suggest that he knew, or was responsible for, Plaintiff's placement in a unit with Watts or that he was aware of the letter Plaintiff wrote shortly before the assault. Count 1 is dismissed as to John Doe 1 for failure to state a claim.

*Count 4*

The Fourteenth Amendment's due process clause "protects a pretrial detainee from the use of excessive force that amounts to punishment." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). To prove that force was excessive, a "pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id.* The Complaint sets forth sufficient allegations at the screening stage for Count 4 to proceed against Chriss. There are no allegations, however, that Gus used any force on Plaintiff. Plaintiff describes the blow to his head by Chriss and states he reported to John Doe 1 that "Chriss is the one who assaulted him for no reason."

To the extent Plaintiff asserts a failure to protect claim against Gus, he fails to state facts supporting that claim. There is nothing to suggest that Gus could have foreseen or prevented Chriss's action. Therefore, the claim in Count 4 against Gus is dismissed for failure to state a claim.

***Counts 6 and 7***

Medical care claims brought by pretrial detainees are subject only to the objective unreasonableness inquiry identified in *Kingsley v. Hendrickson*, ___ U.S. ___, 135 S.Ct. 2466 (2015). *Hardeman v. Curran*, 933 F.3d 816 (7th Cir. 2019). "[T]he controlling inquiry for assessing a due process challenge to a pretrial detainee's medical care proceeds in two steps." *McCann v. Ogle County, Illinois*, 909 F.3d 881, 886 (7th Cir. 2018) (citing *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018)). In the first step, the inquiry is "whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [plaintiff's] case." *Id.* At the second step, the inquiry is whether the challenged conduct was objectively reasonable. *Id.* "This standard requires courts to focus on the totality of facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively—without regard to any subjective belief held by the individual—whether the response was reasonable." *Id.*

The allegations in Count 6 are sufficient to proceed against Jane Doe 2. The claim in Count 7, however, is dismissed. Plaintiff has not alleged facts that establish John Doe 3 was involved in his medical care. His threadbare and conclusory allegation that John Doe 3 denied him medical care fails to state a claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) ("courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements").

*Count 9*

To state a property loss claim under the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property without due process of law. If the state provides an adequate remedy, Plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). In that vein, the Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 Ill. Comp. Stat. 505/8 (1995). Thus, Plaintiff must pursue any claim for the loss of his property in the Illinois Court of Claims, and Count 9 is dismissed with prejudice from this action.

*Count 11*

Under the First Amendment, prisoners have the right to send and receive mail, but prison official may inspect incoming and outgoing mail for contraband. *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974); *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). Mail from an attorney who is representing a prisoner is entitled to greater protection, in order to avoid interference with the prisoner's right to access the courts. Incoming mail from an attorney that is clearly marked as legal or privileged mail must be opened only in the presence of the prisoner. *See Wolff*, 418 U.S. at 577; *Rowe*, 196 F.3d at 782. However, the interception of communications with a lawyer is subject to harmless-error analysis. *Weatherford v. Bursey*, 429 U.S. 545, 554-59 (1977); *Guajardo-Palma v. Martinson*, 622 F.3d 801, 805-806 (7th Cir. 2010); *Kaufman v. McCaughtry*, 419 F.3d 678, 685-86 (7th Cir. 2005). The unjustified opening of mail from an attorney is actionable only if it has hindered an ongoing claim. *Kaufman*, 419 F.3d at 686. A prisoner who raises a claim based on interference with legal mail must demonstrate some resulting hindrance to his ability to pursue a

11

legal claim or defense. *Id.* Plaintiff has not alleged that his ability to litigate any matter was affected by John Doe 1's action. Accordingly, Count 11 will be dismissed for failure to state a claim.

*Count 12*

To the extent Plaintiff seeks to bring a federal constitutional claim for malicious prosecution, it fails because "there is no such thing as a constitutional right not to be prosecuted without probable cause." *Manual II*, 903 F.3d at 670 (citing *Serino v. Hensley*, 735 F.3d 588, 593 (7th Cir. 2013).

For a malicious prosecution claim under Illinois law, Plaintiff must allege: (1) he was subjected to a judicial proceeding for which there was no probable cause; (2) the defendant instituted those proceedings maliciously; (3) the proceedings were terminated in his favor; and (4) he was injured. *Wilbon v. Plovanich*, 67 F.Supp.3d 927 (7th Cir. 2014). For an abuse of process claim under Illinois law, Plaintiff must allege: (1) the "existence of an ulterior motive or purpose"; and (2) an "act in the use of legal process not proper in the regular prosecution of the proceedings." *Podolsky v. Alma Energy Corp.,* 143 F.3d 364, 372 (7th Cir. 1998); *see also Commerce Bank, N.A. v. Plotkin*, 255 Ill. App. 3d 870, 872 (1994). "[P]rocess" in this context means "the literal, legal sense of something issued by the court ... under its official seal." *Slep-Tone Entm't Corp. v. Kalamata, Inc.*, 75 F.3d 898, 908 (N.D. Ill. 2014). Merely "harassing" or "pressur[ing]" a defendant to defend itself in litigation is insufficient. *Id.* at 909 ("The institution of a lawsuit with malicious intent or the purpose to harass, on its own, does not constitute abuse of process."). Plaintiff's allegations are insufficient to proceed on a state law claim for malicious prosecution or abuse of process. He does not indicate he was arrested or charged with obstruction of justice but instead, alleges false information was submitted to open an investigation.

For the reasons stated, Count 12 is dismissed for failure to state a claim.

*Counts 2, 5, 8, 10, and 13*

Plaintiff alleges that after he refused to participate in the "get Watts plan" Defendants retaliated against him. To state a claim for retaliation under the First Amendment, a plaintiff must allege that (1) he engaged in constitutionally protected speech, (2) he suffered a deprivation likely to deter protected speech; and (3) his protected speech was a motivating factor in the defendants' actions. *Antoine v. Ramos*, 497 F. App'x 631, 634 (7th Cir. 2012). It is not clear whether Plaintiff engaged in protected speech, but his retaliation claims will be allowed to proceed for further development. Specifically, Count 2 will proceed against Jane Doe 1. Count 5 will proceed against Chriss but is dismissed without prejudice for failure to state a claim as to Gus. Count 8 will proceed against Jane Doe 2 but is dismissed without prejudice for failure to state a claim as to John Doe 3. Count 10 will proceed against Chriss and John Doe 1. Count 13 will proceed against John Doe 1.

*Count 14*

Under limited circumstances, failure to train may serve as the basis for liability under § 1983. *City of Canton v. Harris*, 489 U.S. 378, 387 (1989). A plaintiff must allege that the failure to train is the result of an official custom or policy of the city, county, or municipality that he or she is suing. *Id.* at 389; *Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007). Plaintiff appears to be asserting this claim against the Commissioner and the County, who are not parties, and WCJ, which has been dismissed because it is not a proper party. Accordingly, the claim in Count 14 is dismissed for failure to state a claim.

*Counts 15 and 16*

Plaintiff does not associate his state law claims for assault and battery against any specific defendant. To the extent Plaintiff intended to assert those claims based on the facts that support the excessive force claim in Count 4 against Chriss, he has sufficiently pled those claims. This

13

Court has supplemental jurisdiction over the claims because they involve the same facts as the federal claims. *See* 28 U.S.C. § 1367(a). Therefore plaintiff may proceed with Counts 15 and 16 against Chriss. *See e.g. Shea v. Winnebago Cty. Sheriff's Dep't*, 746 F. App'x 541, 547-48 (7th Cir. 2018) (discussing assault and battery under Illinois law).

*Count 17*

Although Plaintiff does not associate his state law medical negligence claim against any specific defendant, the Court presumes that he intended to assert the claim based on the same facts as his deliberate indifference claims in Count 6 against Jane Doe 2 and Count 7 against John Doe 3. An Illinois negligence claim for personal injuries requires the plaintiff to demonstrate the existence of a duty of care owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach. *Iseberg v. Gross*, 879 N.E.2d 278 (2007). In Illinois, there is a duty to provide inmates in Illinois with reasonable medical care. *See West v. State of Illinois*, 67 Ill. Ct. Cl. 147 (2014) (citing *Dye v. State*, 48 Ill. Ct. Cl. 452, 455 (1995)). *See also* 730 ILCS 5/3-7-2(d). The claim may proceed against Jane Doe 2. The claim is dismissed as to John Doe 3 because Plaintiff has not alleged facts that establish John Doe 3 was involved in his medical care.

*Counts 18 and 19*

Plaintiff does not associate his state law claims for negligence and intentional infliction of emotional distress against any specific defendant. The bald and conclusory allegations that he is asserting those claims do not satisfy the *Twombly* pleading requirements. *See Twombly*, 550 U.S. at 570 (to survive screening, claim must be "plausible on its face"). The claims in Counts 18 and 19, therefore, are dismissed for failure to state a claim.

*Count 20*

Plaintiff's state law claims for failure to investigate, failure to train, and gross negligence (to the extent those claims are recognized by state law) appear to be intended against the Commissioner and the County, who are not parties, and WCJ, which has been dismissed because it is not a proper party. The claim in Count 20, therefore, is dismissed for failure to state a claim.

*Counts 21-24*

For Count 21, Plaintiff alleges he saw Jane Doe 2 on one sick call for a torn ligament in his right arm and she told him there was nothing she could do. This does not suggest deliberate indifference to a serious medical need. Although he states the pain became so bad that he was unable to use his arm, this happened after he saw Jane Doe 2 and does not establish that she knew of his pain and disregarded it. For Count 22, Plaintiff alleges only that Jane Doe 2 took him off his nerve pain medication for no reason. He does not allege he suffered any adverse consequences. The deliberate indifference claims in Counts 21 and 22 against Jane Doe 2 are dismissed for failure to state a claim.

To the extent Plaintiff intended to allege state law medical negligence claims based on the facts alleged in Counts 21 and 22, which are being dismissed, the Court will not exercise supplemental jurisdiction over the state law claims. The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), extends the jurisdiction of federal district courts to all claims that are sufficiently related to the claim or claims on which their original jurisdiction is based to be part of the same case or controversy within the meaning of Article III of the Constitution. This same statute provides that the district court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[T]he general rule is that, when all federal claims are dismissed before trial, the district court

should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994); *see also Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) (noting that established law of this circuit is that the "usual practice" is to dismiss without prejudice state supplemental claims whenever federal claims have been dismissed before trial). Accordingly, Counts 23 and 24 are dismissed without prejudice.

**Identification of Doe Defendants**

The Sheriff of Williamson County will be added as a Defendant, in his or her official capacity only, for purposes of responding to discovery aimed at identifying the Doe Defendants. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009); Fed. R. Civ. P. 21. Guidelines for discovery will be set by the Court. Once the names of the Doe Defendants are discovered, Plaintiff shall file a motion to substitute the newly identified Defendants in place of the Doe designations.

**Disposition**

**IT IS HEREBY ORDERED** that Count 1 will proceed against Chriss, Starling, and Jane Doe 1. Count 2 will proceed against Jane Doe 1. Count 3 will proceed against Jane Doe 1 but is dismissed without prejudice for failure to state a claim as to John Doe 1. Counts 4 and 5 will proceed against Chriss but are dismissed without prejudice for failure to state a claim against Gus. Count 6 will proceed against Jane Doe 2. Count 8 will proceed against Jane Doe 2 but is dismissed without prejudice for failure to state a claim against John Doe 3. Count 10 will proceed against Chriss and John Doe 1. Count 13 will proceed against John Doe 1. Counts 15 and 16 will proceed against Chriss. Count 17 will proceed against Jane Doe 2 but is dismissed without prejudice for failure to state a claim as to John Doe 3. Counts 7, 11, 12, 14, 18, 19, 20, 21, 22, 23, and 24 are dismissed without prejudice for failure to state a claim. Count 9 is dismissed with prejudice.

Williamson County Jail is dismissed with prejudice and Health Care Provider is dismissed without prejudice. The Clerk of Court is directed to terminate Williamson County Jail, Health Care Provider, Gus, John Doe 2, and John Doe 3 as parties in CM/ECF.

**IT IS ORDERED** that the Clerk of Court is **DIRECTED** to **ADD** the **Sheriff of Williamson County**, in his or her official capacity only, to the docket for purposes of responding to discovery aimed at identifying the Doe Defendants.

**IT IS ORDERED** that the Clerk of Court shall prepare for Chriss, Starling, Sheriff of Williamson County (official capacity only), and, once identified, John Doe 1, Jane Doe 1, Jane Doe 2: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on the Doe Defendants until such time as Plaintiff has identified

him the Doe Defendants by name in a properly filed motion for substitution of party. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for each individual.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). As the Sheriff of Williamson County is in the case solely for discovery purposes, he or she need not respond to the Complaint. The Sheriff only needs to enter his or her appearance and will receive further instruction on discovery at a later date. **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

**IT IS ORDERED** that this entire matter shall be **REFERRED** to a United States Magistrate Judge pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral*.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 2, 2019**

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**United States District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate Defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the Defendants will enter their appearance and file an Answer to your complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all the Defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.